IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. BLATT | : | CIVIL ACTION |
| v. | : | |
| THOMAS W. CORBETT | : | NO. 12-00195 |

MEMORANDUM

JOYNER, Ch. J.                                    FEBRUARY 8, 2012

    James Blatt brought this civil rights action pursuant to 42 U.S.C. § 1983 against Governor Thomas Corbett, claiming that his constitutional rights were violated while he was incarcerated at the Lehigh County Prison in Allentown, Pennsylvania. Blatt asserts that the Lehigh County Inmate Locator "has been offline for an unknown amount of time, and remains offline, and is linked to the dysfunctional Pennsylvania Department of Corrections Inmate Locator System, which is responsible for listing all inmates confined in a correctional facility in the Commonwealth." (Compl. ¶ 4.) As a result of the "dysfunctional" inmate locator system, Blatt's friend in California was unable to locate him during his term of imprisonment, and therefore could not write him a letter or send him money.

    Blatt's amended motion to proceed in forma pauperis is granted. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss Blatt's complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner

indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Blatt's complaint lacks a basis in law because the malfunction of Lehigh County's Inmate Locator system and/or the Pennsylvania Department of Corrections's Inmate Locator System does not implicate his constitutional rights. Accordingly, his complaint is dismissed pursuant to § 1915(e)(2). As there is no legal basis for Blatt's claims, he will not be given leave to amend, because amendment would be futile. See Grayson, 293 F.3d at 112-13. An appropriate order follows.